BILL COOTS v. THE STATE.

No. 11447.  Delivered March 28, 1928.
Rehearing denied State June 20, 1928.

The opinion states the case.

*J. W. Thomas* of Belton, for appellant.

*Henry Taylor,* County Attorney, *Fred Brewster,* District 'Attorney of Bell County. *A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—The indictment in the first count charges the offense of rape by force and in the second count of rape of a female under the age of eighteen years. Only the second count was submitted to the jury, who found appellant guilty and assessed his punishment at eight years confinement in the penitentiary.

Appellant and his companion, John Alexander, according to the testimony of prosecutrix, took her from a Fourth of July celebration in the town of Belton to the country against her consent. She testified that she met appellant and that Alexander was to bring a car and honk three times for them and that he did give the prearranged signal and that she and Coots and Christine Turland went to this car and that she told Christine Turland to tell her brothers and sisters where she was and to come and get her. Christine Turland testified that no such thing occurred but that prosecutrix laughingly told her to tell her brothers and sisters that she was with Miss Oleta Thompson. She testified that arriving in the country with appel-

lant and Alexander she "believed" that John Alexander had intercourse with her; that a few minutes afterwards appellant had intercourse with her.

Prosecutrix lacked about four months of being eighteen years of age at the time of the alleged commission of the offense. Appellant was a year or two older.

Without reciting the evidence in detail, we think the issue was raised, though perhaps meagerly so, of the consent of the prosecutrix to the two acts of intercourse by John Alexander and appellant, respectively. The conviction of appellant was upon the theory that prosecutrix may have consented to the act of intercourse with appellant, as the first count in the indictment charging rape by force seems to have been abandoned. This being true, did the act of Alexander in having intercourse with prosecutrix with her consent prior to act of Bill Coots constitute a defense available to appellant? Under the terms of our statute and the decisions of this Court, as well as those of other jurisdictions having similar statutes, only the first act of intercourse can amount to rape where the female is over fifteen years of age and consents to such act. Art. 1183, P. C.; McKnight v. State, 98 Tex. Crim. Rep. 355; Cloniger v. State, 91 Tex. Crim. Rep. 143; Norman v. State, 91 Tex. Crim. Rep. 486.

The appellant might have been, and may yet for that matter upon another trial be tried upon the indictment in the instant case for the act of Alexander, provided appellant was a principal in said act as defined by law. The acts which make the defendant a principal need not be alleged in the indictment. A principal offender may be charged directly with the commission of the offense, although it may not have been actually committed by him. Gallagher v. State, 34 Tex. Crim. Rep. 306. Branch's P. C., Sec. 676. To be present the presence need not be an actual immediate presence such as would make the party an eye or an ear witness of what passes, but may be a constructive presence such as being in view or immediately at hand, Mason v. State, 32 Tex. Crim. Rep. 95; Branch's P. C., Sec. 680; and one who agrees to the commission of an offense and is present when committed is guilty whether he aids or not. Taylor v. State, 9 Tex. Crim. App. 103. Attaway v. State, 35 Tex. Crim. Rep. 403.

We think it is clear under the authorities that appellant could be guilty as a principal to the crime of statutory rape, though the act of intercourse was by another. Heitman v. State, 78 Tex. Crim. Rep. 349; Dodd v. State, 83 Tex. Crim. Rep. 160; White v. State,

60 Tex. Crim. Rep. 559; Ross v. State, 60 Tex. Crim. Rep. 547. A woman or even an infant incapable of the act of copulation may be guilty as a principal of the crime of rape. Low v. Com., 75 Va. 885; Williams v. State, 14 Ohio 222; Heitman v. State, 78 Tex. Crim Rep. 349. Appellant, however, was tried for his own act, not that of Alexander, his alleged co-conspirator. If prosecutrix had voluntarily surrendered her chastity to Alexander prior to appellant's alleged act, she was not a chaste woman within the meaning of that term as used in the statute. If, under the circumstances of this case, prosecutrix had been raped by force prior to appellant's criminal act, such prior act of intercourse would not have constituted a defense to appellant, or if appellant had been tried upon the theory that he was a principal in the alleged criminal act of Alexander, manifestly Alexander's act could not have constituted a defense. Being tried upon his own act in a consent case like this one, he was, we think, entitled to an affirmative instruction to acquit if the jury believed or had a reasonable doubt thereof that prior to the alleged act of appellant, Alexander had had intercourse with prosecutrix, she assenting thereto. If she consented to the act of intercourse with Alexander, she was not a virgin and not within the protection of the statute. This matter being timely and properly called to the attention of the trial court, his failure to so instruct the jury compels a reversal of the judgment of conviction.

Other objections to the charge are without merit. Most of them demand instructions which were clearly on the weight of the evidence. The bills of exception not discussed present matters not likely to again occur.

The judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—State's counsel insists in his motion for rehearing that the conviction should stand on the theory that the appellant was in law responsible for the act of Alexander in his intercourse with the prosecutrix. The charge of the court is so framed as to exclude the idea that the appellant was convicted as a principal for the act of Alexander. From the only charge submit-

ting the facts to the jury for finding the following quotation is taken:

"If, therefore, you believe from the evidence in this case, beyond a reasonable doubt, that the defendant, Bill Coots, did have carnal knowledge of said Sarah Murrah, a female, * * * and did penetrate her female organ with his male organ, etc."

The prosecutrix was over fifteen and under eighteen years of age, and there was evidence that she voluntarily submitted to the embraces of Alexander prior to the act of intercourse with the appellant. If in fact the prosecutrix, being over fifteen years of age, acquiesced in the act of intercourse with Alexander and thereafter voluntarily engaged in a like act with the appellant, he could not be convicted of rape for the act with her, for the reason that the previous act with Alexander rendered her unchaste. It is not intended to convey the idea that the act with Alexander was with the acquiescence of the prosecutrix. The extent to which the original opinion and this extends is to declare that under the evidence an issue of fact was presented as to whether the act with Alexander was with the consent or acquiescence of the prosecutrix. If in fact she consented to that act, the appellant's conviction for his own subsequent act of intercourse with her could be sustained only on the ground of force. His conviction in the present instance is not for rape by force but for rape of a girl under eighteen years of age without force. To sustain such conviction for the actual carnal act by the appellant, it would be necessary that there be a finding by the jury under proper instruction that the act with Alexander was not with the consent of the prosecutrix.

The motion for rehearing is overruled.

*Overruled.*