G. W. Huckabee v. The State.

No. 13237.   Delivered April 16, 1930.

Reported in 27 S. W. (2d) 802.

The opinion states the case.

*J. L. Bird* of Walnut Springs, and *H. J. Cureton* of Meridian, for appellant.

*J. P. Word,* County Attorney, of Meridian, and *A. A. Dawson,* State's Attorney, of Austin, for the State.

MARTIN, Judge.—Offense, rape; penalty, five years in the penitentiary.

Prosecutrix testified she was born February 4, 1912.  The indictment alleges that the rape occurred on or about August 1, 1928. The testimony of prosecutrix, corroborated in part by two other witnesses, is that appellant came to their home on or about August 1, 1928, hunting cotton pickers; that she and her sister, one Joe Williams and appellant got in the car and went to the town of Hico, where her father had gone with a load of wood; that returning home she and appellant sat in the back seat of the car; that appellant

asked Williams to stop the car after they had gotten into a pasture a short distance from home, took her out of the car and off a short distance out of sight of the others, and had intercourse with her. She testified that this was the first act of intercourse she had ever had with appellant or anyone else. She was corroborated by Williams as to the date and trip and by her sister, who testified: "It was the first day of August when we went to Hico with Mr. Huckabee and Joe Williams. It was on Saturday. That could not have been any other date." Appellant was shown to be sixty-two years old and had a family, of which prosecutrix knew at the time mentioned. It is further shown that when prosecutrix was first called before the grand jury in about March, 1929, that she denied that there was anything the matter with her, although she was then in an advanced state of pregnancy. She afterwards changed her testimony and admitted her pregnancy and claimed that Herschel Wrenn, a boy about her age, with whom she had been going prior to August 1st, was the father of her baby. She admitted that she and Herschel Wrenn "had been pretty sweet on each other." Also that she had gone with other boys besides Herschel Wrenn. After this she again changed her testimony and claimed that appellant was the father of her child and that his first act of intercourse was on September 15, 1928. She claimed that appellant had induced her to lay the authorship of her ruin on Wrenn. On the trial of the case she testified: "I only went to Hico the one time with George Huckabee and Joe Williams. * * * That was on the first day of August, 1928." On the 31st day of March, 1929, prosecutrix gave birth to a fully developed baby. The attending physician testified in part: "The full period of gestation is nine months. * * * The child was fully developed in every way. That is, its nails and hair showed to be fully developed, and then you could just see that it was a fully developed child, and strong and healthy. * * * I think I could tell the difference between a child that was an eight months child, and one that was a nine months child. * * * In my opinion this child was a nine months child." Dr. J. A. Murray testified in part: "If a physician is present at its birth, he can tell the difference between an eight months baby and a nine months baby." He further testified that the period of gestation varies from 270 to 280 days.

It is vigorously contended that the evidence is insufficient.

Such of the rules that we deem applicable to the facts in the instant case are as follows: A charge of rape in consent cases can

be based only upon the first act of intercourse where the female alleged to be raped was at the time over the age of fifteen years. If over such age she was not of "previous chaste character" within the meaning of the statute where it is shown that prior to the act relied on by the State for a conviction she had intercourse with appellant or any other. This is the settled construction of our rape statute in Texas, as well as in some other jurisdictions having a similar one. McKnight v. State, 98 Tex. Crim. Rep. 355; Cloniger v. State, 91 Tex. Crim. Rep. 143; Norman v. State, 91 Tex. Crim. Rep. 486; Coots v. State, 7 S. W. (2nd) 539.

The burden resting upon appellant is not to prove the previous unchastity of prosecutrix but to produce in the mind of the jury a reasonable doubt on the subject. Simpson v. State, 93 Tex. Crim. Rep. 304; Miller v. State, 96 Tex. Crim. Rep. 137; Wright v. State, 1 S. W. (2nd) 1096. This may be done by proof of circumstances as well as by direct evidence. Wright v. State, supra, and authorities there cited.

We regard the evidence in this case as sufficient to sustain a finding that appellant had intercourse with prosecutrix, but the record as a whole raises a reasonable doubt, if it does not establish the fact, that prosecutrix prior to the act relied on by the State for a conviction had had carnal intercourse with some male person. If the baby was not a fully developed nine months child, evidence of such fact was available to the State. That it had run the full period of gestation is an undisputed fact. The State's evidence made it an eight months child, if the first act of intercourse ever indulged in by prosecutrix occurred August 1st. If the child had been in its mother's womb for nine months, it was there August 1, 1928. That fact is certain, and the conclusion inevitably follows that prosecutrix on August 1st was not of that previous chaste character which made her the subject of rape in a case of this character. This conclusion seems inescapable, particularly in the presence of the unsatisfactory testimony of prosecutrix, already referred to.

Because of the insufficiency of the evidence in this particular, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.