TOMMIE BAKER v. THE STATE.

No. 18694. Delivered February 10, 1937.

The opinion states the case.

*W. H. Tolbert* and *Levi Pressly,* both of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for violating the liquor law; punishment, a fine of $200.00.

Appellant was charged by information as "Being directly and indirectly interested in and did operate and assist in operating an open saloon on the premises located at 701, Main Street, in the city of Fort Worth, said premises then and there being a place where liquor composed and compounded in part of distilled spirits was sold and offered for sale for beverage purposes by the drink, and a place where liquor composed and compounded in part of distilled spirits was sold and offered for sale in broken and unsealed containers, and a place where such liquors composed and compounded in part of distilled spirits were sold and offered for sale for human consumption on said premises where sold."

Appellant's bill of exceptions No. 1 complains of the action

of the trial court in overruling his motion to quash the complaint and information, the principal ground of attack being that same failed to allege to whom the liquor was sold. In his brief appellant cites a number of cases under former liquor laws, in which we held that where a man was charged with unlawfully selling intoxicating liquor, the information or indictment should charge the name of the party to whom such liquor was sold. Not so here. Appellant would be just as guilty of the offense charged against him herein, which is that he operated an open saloon, if he opened up his place and offered for sale by the drink, or for sale to be drunk on the premises, distilled liquor,—as he would be if he had sold such liquor. Appellant cites the cases of Dixon v. State, 1 S. W. Rep., 448; Eppstein v. State, 11 Texas Crim. App., 480, and others. In all the cases referred to it will be found, upon examination, that they were disposed of on the ground that the indictment charged a sale of such liquor, and not as here that he operated a place where distilled liquors were offered for sale.

Bill of exceptions No. 2 complains of the use in evidence against appellant of facts discovered by a search, it being claimed that under the law evidence obtained under such search is inadmissible. Arts. 4a and 4b of the Code of Criminal Procedure of the State of Texas, adopted at the Regular Session of the 39th Legislature, holding inadmissible evidence obtained by searchers without search warrant, were repealed by the provisions of Chap. 44, General Laws of the 41st Legislature, at the Second Called Session. It may be that the evidence of what was found by the officers at appellant's place of business, was found in such manner as to be violative of the Constitution of this state, but there is nothing in bill of exceptions No. 2 raising this point, which supports appellant's proposition. If we understand the facts, appellant was conducting a public business where the officers in question, or any other person, would have a perfect right to be. Said bill of exceptions sets forth that the officers testified that they found three or four cases of whisky and some gin. Just where this liquor was located when found is not shown by the bill, and we are unable to sustain the proposition that it was found in violation of the terms of the Constitution.

Appellant's remaining bill of exceptions presents exception to the court's charge. The complaint is that the court told the jury that if appellant as principal, agent or employee, operated, or assisted in operating, said open saloon, he should be deemed guilty of a misdemeanor. We are not quite able to see how

this is more onerous than required by law, or how it is violative of any right of the accused. It is not necessary to charge parties offending,—as principals in order to make applicable to such cases the law of principals, nor in order that the court would be justified in submitting to the jury in his charge the question as to whether they were principals.

The evidence seems ample to support the conviction, and the judgment will be affirmed.

*Affirmed.*