James Ralph ALEXANDER, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 42441.

Court of Criminal Appeals of Texas.

Dec. 10, 1969.

C. C. Divine, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and William T. Miller, Jr., Asst. Dist. Attys., and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is operating an "open saloon"; the punishment, a fine of $125.00.

This case was heard before the court without the intervention of a jury. The facts are undisputed. Quinton R. Vonner, an employee of the Texas Liquor Control Board, went alone to the Beccia Club, and purchased two alcoholic drinks from a waitress, Mary Redus. Mr. Vonner paid $.85 for each drink. He testified that he was not a member or a guest of the club, and at no time was Mr. Vonner asked if he was a member or a guest by anyone in the club. Appellant came in behind the bar while Mr. Vonner was there and re-arranged the stock of whisky. Appellant had told Mr. John T. Bays, an employee of the Texas Liquor Control Board, on an earlier occasion, that he was the manager of the Beccia Club. Appellant did not testify.

Appellant contends that the information should have been quashed because it failed to name the purchaser. In Baker v. State, 131 Tex.Cr.R. 626, 101 S.W. 2d 816, this Court held that in a prosecution for operating an "open saloon," it was not necessary that the information state to whom the liquor was sold. Appellant also contends that a proof of sale was never made. Appellant was charged with operating an "open saloon;" not making an unlawful sale. Under the statute in question here, Article 666–3, Vernon's Ann. P.C., direct testimony of the buyer as to his purchase of liquor by the drink is sufficient to sustain a conviction, Hutchins v. State, Tex.Cr.App., 426 S.W.2d 235. The facts set out in this case show that the evidence is sufficient to show an illegal sale under Article 666–3, Hutchins v. State, supra. Appellant's first two grounds of error are overruled.

Appellant's third and last ground of error is that the court erred in failing to return a not guilty verdict based on the ground of entrapment. The record reflects that appellant moved for a not guilty verdict because the state failed to prove a *prima facie* case of operating an "open saloon." This matter was brought to the court's attention for the first time on ap-

peal, and we can find no evidence to support such a contention. Appellant's third ground of error is overruled.

Finding no reversible error, the judgment is affirmed.