Thomas Chester HENRY, Appellant,

v.

The STATE of Texas, Appellee.

No. 54618.

Court of Criminal Appeals of Texas, Panel No. 1.

June 14, 1978.

George Michael Jamail, Beaumont, for appellant.

Tom Hanna, Dist. Atty., and T. Michael Sutton, Asst. Dist. Atty., Beaumont, for the State.

Before DOUGLAS, PHILLIPS and W. C. DAVIS, JJ.

## OPINION

W. C. DAVIS, Judge.

A jury convicted the appellant of aggravated robbery, V.T.C.A., Penal Code, Section 29.03(a)(2), and assessed punishment at fifteen years imprisonment in the Texas Department of Corrections. We affirm.

Appellant urges six grounds of error.

In his first ground of error, the appellant complains of improper jury argument, "wherein the district attorney stated that the defendant took the drugs for his own use." That portion is set out below:

"What's the third element of theft? With the intent to keep the property and not give it back to the owner. Listen to me. You would have to be the twelve most gullible people that ever walked into a courtroom and sat in a jury box if you would believe or have any scintilla of belief that either (co-defendant) or Henry intended to bring back that money or drugs. They took it for their use. They took it for their benefit."

The appellant and co-defendant committed robbery in a pharmacy in Port Arthur. The co-defendant took the drugs and the appellant the money. They acted in concert. Clearly, the State's argument was not an attempt to suggest that the appellant took the drugs for his own use; but, reasonably to sum up the evidence, and to logically conclude, as an element of aggravated robbery, that the appellant committed theft with the intent to maintain control of the property. *Alejandro v. State*, 493 S.W.2d 230 (Tex.Cr.App.1973); *Griffin v. State*, 554 S.W.2d 688 (Tex.Cr.App.1977); and *Williams v. State*, 535 S.W.2d 637 (Tex.Cr.App. 1976).

Ground of error one is overruled.

In grounds of error two and three, the appellant contends that the trial court erred in not striking the testimony of the State's reputation witnesses Curry and Hamilton, as such was based upon personal knowledge only.

DEA Agent Curry testified that his knowledge of the appellant's reputation was based on his "personal investigation and information received from police officers in Port Arthur." DPS Narcotics Agent Hamilton based his opinion on " . . . conversations with other officers and the news media."

It is well known that reputation testimony is to be based on hearsay. It is admissible as an exception to the hearsay rule. "The reasons for this exception are two:

"1) The inherent difficulty of obtaining any satisfactory evidence of the desired fact other than proof of tradition and reputation creates a necessity for this evidence.

"2) The fact that a prolonged observation and discussion of certain matters of general interest by a whole community will sift possible errors and bring the result down to us in a fairly trustworthy form furnishes a guarantee of correctness."

[2 C. McCormick and R. Ray, Tex.Evidence, Secs. 1321 and 1492 (2nd Ed. 1956)].

Under the record, the witnesses were shown to be qualified to express their opinions that the appellant's reputation as a law abiding citizen was bad. *Sanchez v. State*, 398 S.W.2d 117 (Tex.Cr.App.1965); *Mitchell v. State*, 544 S.W.2d 927 (Tex.Cr.App.1977).

Grounds of error two and three are overruled.

■ In the fourth and fifth grounds of error, the appellant complains of the sustaining of the State's objection of his inquiry "as to which of the two defendants admitted a narcotics habit," and "which requested medical treatment in the form of methadone doses." It is his apparent contention that he was precluded from introducing mitigating evidence at the punishment stage. From the record, however, it appears that the appellant was not denied the opportunity to demonstrate that he was not a drug addict; rather, he was not permitted on grounds of materiality to show that his *co-defendant* was a drug addict, as reflected by the following:

"DEFENSE ATTORNEY (Mr. Jamail): Well, subsequent to their being taken to jail in Port Arthur, didn't the (co-defendant) file a bunch of motions or papers in your court?

"DISTRICT ATTORNEY (Mr. Hanna): I object to the question. It is totally immaterial.

"COURT: The (co-defendant's) case is not before this jury.

"MR. JAMAIL: (Co-defendant) is the one who took the narcotics out of the drugstore and I feel it is very relevant. They are the ones that brought it up and bringing (sic) narcotics up all day long.

"COURT: Objection sustained.

"MR. JAMAIL: Were any papers filed in your court by either Mr. Henry or (co-defendant).

"MR. HANNA: I am going to object. *As far as (co-defendant)* is concerned, that's the same question. (Emphasis added)

"COURT: That objection is sustained.

"MR. JAMAIL: Did Mr. *Henry* seek any kind of treatment for narcotics addiction while he was being held at the jail at Port Arthur through you? (Emphasis added)

"A. . *No sir.*" (Emphasis added)

The evidence pertaining to appellant's co-defendant's drug addiction was properly excluded as irrelevant.

No error is shown.

Grounds of error four and five are overruled.

Finally, in ground of error six, the appellant asserts the cumulative error in grounds one through five. We have found no such errors. See *Love v. State*, 533 S.W.2d 6 (Tex.Cr.App.1976); and *Moulton v. State*, 486 S.W.2d 334 (Tex.Cr.App.1971).

Ground of error six is overruled.

The judgment is affirmed.