**Bryan Laverne PARK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–82–415CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

May 5, 1983.

James Stafford, Houston, for appellant.

J. Sidney Crowley, Ken Magidson, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and DRAUGHN and ELLIS, JJ.

## OPINION

DRAUGHN, Justice.

Appeal is taken from a conviction of attempted capital murder of a peace officer. Upon trial by a jury, appellant was found guilty of the offense. Punishment was assessed at twenty-five years imprisonment.

In three grounds of error, appellant contends that the trial court erred by refusing to charge the jury on the lesser included offense of attempted murder, and by refusing to include the defensive issue of mistake of fact in the charge. Additionally, appellant contends that the charge to the jury was fundamentally defective because a required element of the offense was omitted.

We summarize the facts for clarity. Shortly after midnight on December 29, 1981, Officer Mark W. Foster of the Houston Police Department was investigating a major accident in northeast Houston. Afterwards, Officer Foster and his partner were sitting in the parking lot of a convenience store writing an offense report. They were in uniform and in a marked Houston Police Department vehicle. A man ran up to the driver's side of the car and began banging on the window. Officer Foster's partner, who was in the driver's seat, rolled down the window and the man yelled, "the man in the brown coat, get him, get him". Officer Foster looked up and saw a man in a brown coat coming out of the front door of the convenience store. He got out of the car, and the man who came to the window said that he had just been robbed by the man in the brown coat. When the man in the brown coat, appellant, rounded the corner of the store, he began running. Officer Foster saw a gun in appellant's hand from approximately twenty-five feet away. He yelled, "Police Officer, freeze". The chase continued until appellant ran into a fence and fell down. Appellant got up with a gun in his right hand. Foster again told appellant to freeze or he would shoot. Appellant continued toward Foster with his gun pointed at him. Foster shot six times at appellant, who returned the fire three times. Appellant, wounded, fell down and dropped his gun. Officer Foster was uninjured. Foster's partner arrived on the scene, along with a back-up police unit.

In his first ground of error, appellant contends that the trial court erred by refusing to allow the lesser included offense of attempted murder in the jury charge. Appellant properly objected to the Court's failure to include a charge on attempted murder. The test to determine whether or not a charge on a lesser included offense is required was stated as follows in *Salinas v. State,* 644 S.W.2d 744 (Tex.Cr.App.1983), citing *Royster v. State,* 622 S.W.2d 442 (Tex.Cr.App.1981):

> Thus, in determining whether a charge on a lesser included offense is required, a two step analysis is to be used. First, the lesser included offense must be included within the proof necessary to establish the offense charged. Secondly, there must be some evidence in the record that if the defendant is guilty, he is guilty of only the lesser offense.

The facts of this case do not meet the second part of the two part test. There was no evidence presented at trial which showed that appellant, if guilty, was only guilty of the lesser included offense of attempted murder. Appellant testified that he never aimed or fired his gun at Officer Foster, which amounted to a denial that any offense had been committed. When a defendant's testimony or evidence essential-

ly negates the commission of any offense, the issue of a lesser included offense is not raised. The jury had the choice of believing the State's evidence, under which appellant would be found guilty of attempted capital murder, or appellant's testimony, under which he would not be guilty of any offense. Therefore, the appellant, if he was guilty at all, was guilty of attempted capital murder. *Eldred v. State,* 578 S.W.2d 721 (Tex.Cr.App.1979). The cases appellant cites in his brief are distinguishable from the case at hand because in each of those cases the defendants admitted doing the act which constituted a crime, but claimed they did so accidently, mistakenly, or inadvertently. We hold that the trial court did not err by refusing to include the lesser included offense of attempted murder in the charge. Appellant's first ground of error is overruled.

■ Appellant next complains of the trial court's refusal to instruct the jury on the defensive issue of mistake of fact. Appellant timely objected and submitted a requested jury instruction on the issue. The mistake of fact defense is proper where, due to a mistaken belief of the accused, the culpability required for the offense is negated. *Montgomery v. State,* 588 S.W.2d 950 (Tex.Cr.App.1979). Appellant maintains, in support of this argument, that he did not shoot the gun at anyone, and that he did not know a police officer or anyone was chasing him. The issue on appeal is not whether appellant's story is true or even believeable. That issue is exclusively for the jury as trier of fact.

■ The issue before this Court is whether the evidence raised the defensive issue of mistake of fact. Appellant's evidence demonstrates that he had *no knowledge* of certain facts, as opposed to a mistaken belief about a fact. Where, as here, the appellant denies the commission of any offense at all, and there is no evidence that he labored under any mistake of fact, a charge on the defense of mistake of fact is not proper. *Lasker v. State,* 573 S.W.2d 539 (Tex.Cr.App.1978). Appellant's second ground of error is overruled.

In his third ground of error, appellant contends that the jury charge was fundamentally erroneous because a required element of the offense was omitted, namely the requirement that the jury find that Officer Mark Foster was a peace officer acting in the lawful discharge of his official duty.

The portion of the jury charge that applied the law to the facts stated:

> Now if you find from the evidence beyond a reasonable doubt that on or about the 29th day of December, 1981, in Harris County, Texas, the defendant Bryan Laverne Park, did intentionally attempt to cause the death of Mark W. Foster, in that he did then and there intentionally shoot a gun in the direction of Mark W. Foster, *knowing at the time Mark W. Foster was a peace officer acting in the lawful discharge of an official duty, and that the defendant then and there knew that the said Mark W. Foster was such peace officer,* then you will find the defendant guilty of attempted capital murder, as charged in the indictment. (Emphasis added.)

The indictment alleged that the defendant:

> With intent to commit capital murder, attempt to cause the death of Mark W. Foster hereafter styled the complainant, *a peace officer in the lawful discharge of an official duty,* by intentionally shooting a gun in the direction of the Complainant, *knowing at the time that the* Complainant was a peace officer. (Emphasis added.)

■ The failure to include an essential element of the offense in the portion of the charge that applies the law to the facts is fundamental error. *Doyle v. State,* 631 S.W.2d 732 (Tex.Cr.App.1980). This court must analyze the charge to determine whether there is an error of omission or commission in the jury charge, and if there is, we must determine whether the error was calculated to injure the rights of the defendant, and prevented him from receiv-

ing a fair and impartial trial. *Doyle v. State, supra,* at 736.

 In the instant case, the complained of omission is not one of an entire essential element of the offense; rather two essential elements of the offense have been joined together. Therefore, it is appropriate to view the charge as a whole in determining whether fundamental error is present in the charge. *Robinson v. State,* 596 S.W.2d 130 (Tex.Cr.App.1980); *Doyle v. State, supra,* at 738.

 Where all of the essential elements of the offense are incorporated into the portion of the charge that applies the law to the facts, and the effect is to require a greater burden of proof on the State than required by the statute, no fundamental error exists. Here, in order to obtain a conviction for attempted capital murder of a police officer, the State had to prove beyond a reasonable doubt that appellant knew Officer Foster was a peace officer, and that Foster was acting in the lawful discharge of official duty. The charge required that appellant know Officer Foster was a peace officer acting in the lawful discharge of an official duty.

 Thus, the State was required to prove not only that Officer Foster was acting in the lawful discharge of an official duty, but that the defendant knew he was so acting. It would be absurd to conclude that the jury could find that the defendant knew Officer Foster was a peace officer in the lawful discharge of an official duty, and not find that Officer Foster was in fact engaged in his official capacity. It is not essential that the charge be worded exactly the same as the indictment. In *Thomas v. State,* 605 S.W.2d 290 (Tex.Cr.App.1980) the Court stated:

> Although the element of the offense as alleged in the indictment was not mirrored in that portion of the charge applying the law to the facts of the offense, we find that substitution of language comporting with and the equivalent of the legal theory alleged in the indictment does not present fundamental error.

Viewing the charge as a whole, we find no error in the wording of the paragraph which applies the law to the facts. We note that the elements of attempted capital murder were also set out twice in the abstract definitions of the charge. There is no indication that the jury was misled by the portion of the charge applying the law to the facts, or that appellant was denied a fair trial. The error, if any, does not present fundamental error. Appellant's failure to object to the charge waives all but fundamental error.

Accordingly, appellant's third ground of error is overruled.

The conviction is affirmed.