Clifford GANTZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–81–00364–CR.

Court of Appeals of Texas, San Antonio.

Oct. 12, 1983.

Rehearing Denied Nov. 14, 1983.

William J. Klingeman, Seguin, for appellant.

Houston Munson, Dist. Atty., Gonzales, for appellee.

Before ESQUIVEL, BUTTS and TIJERINA, JJ.

## OPINION

PER CURIAM.

This is an appeal from a conviction for attempted capital murder of a peace officer. The jury assessed punishment at ninety-nine (99) years' confinement in the Texas Department of Corrections. We affirm.

Appellant raises ten grounds of error. The State has failed to file a brief in response thereto. *See* TEX.CODE CRIM. PROC.ANN. art. 2.01 (Vernon Supp. 1982–1983).

In order to facilitate a proper review of his grounds of error a brief summary of the evidence is necessary.

Department of Public Safety Officer Michael Wayne Gorrell was on routine patrol on Interstate Highway 10, near Seguin, on October 12, 1979. From a radio dispatch, he received information concerning a vehicle whose driver was possibly intoxicated. He spotted the vehicle whose description had been given him. Gorrell clocked the vehicle's speed at seventy-one (71) miles per hour in a fifty-five (55) mile per hour zone. He observed the vehicle cutting in and out of traffic without signaling. In his marked DPS vehicle, he activated his overhead lights and began pursuit.

The suspect vehicle initially stopped on the grassy median of the highway while Gorrell stopped his own vehicle on the

right-hand shoulder of the highway. Under Gorrell's direction, the suspect vehicle pulled over to the right-hand shoulder and stopped about ten (10) yards in front of Gorrell's vehicle.

Gorrell, in uniform, approached the suspect vehicle and identified himself. Gorrell identified appellant as the driver of the vehicle and requested to see appellant's driver's license. Appellant did not produce one. Gorrell asked appellant to exit the vehicle.

Gorrell and appellant walked back to the front of Gorrell's vehicle. Appellant appeared unsteady on his feet. When asked again, appellant failed to produce a driver's license. Gorrell walked back to appellant's vehicle, opened the driver's side door and saw a plastic container which he determined contained an alcoholic beverage. He also observed what he believed to be a whiskey bottle on the floorboard. Gorrell informed the passenger to remain in the vehicle and returned to where appellant was standing.

Gorrell advised appellant he was under arrest and began a protective search for weapons. After hearing what he thought was a gunshot, Gorrell testified that appellant pushed him into a ditch.

According to Gorrell, he was knocked down and appellant, and the passenger, Clenton Ray Gantz, appellant's brother, were on top of him. Clenton Ray Gantz had a small caliber pistol pointed at Gorrell's heart. While appellant held Gorrell's left hand, Gorrell grabbed the pistol with his right hand. Gorrell was shot once in the chest. As the struggle continued, Gorrell was shot in the groin.

Clenton Ray Gantz then grabbed Gorrell's .357 caliber service revolver and aimed it at Gorrell's head. At this point, according to Gorrell, appellant said, "Kill the mother-fucker. We have to complete our mission. Let's get out of here." Gorrell continued to struggle and a shot was fired from his service revolver. This bullet went through Gorrell's right hand, then through his lung and exited from his back. Appellant and Clenton then returned to their vehicle.

Gorrell managed to get back to his DPS vehicle, remove a shotgun and fire once at the suspect's fleeing vehicle. Gorrell then radioed for emergency assistance and gave a description of the vehicle. Gorrell noticed a blue van had pulled onto the shoulder.

William Smith testified that he was the driver of the blue van that stopped on the shoulder. He tried to radio for assistance for Officer Gorrell after seeing two subjects wrestling with the officer. Smith testified that he observed both subjects holding Gorrell down and then heard a loud gunshot. Smith could not identify appellant.

Tony Castaneda, another DPS officer, heard the emergency broadcast, spotted the fleeing vehicle and began pursuit. The suspect vehicle left the interstate and traveled down a farm to market road. Castaneda followed the vehicle onto private property. Using his outside speaker, he identified himself and ordered the subjects to surrender.

Castaneda testified that the suspects' vehicle started backing up and appellant fired two shots at Castaneda. Clenton, the driver, also fired a shot at Castaneda. Castaneda drove his vehicle into the Gantz's vehicle and Clenton fired another shot. The Gantz's vehicle fled and Castaneda was unable to move his vehicle.

Mike Medlin testified that he was driving his pick-up truck in the vicinity on the date in question. As he pulled onto a friend's property, two black men with pistols exited a vehicle and said they were taking his truck. As they started to leave, Medlin noticed Officers Boeck and De La Garza coming. His truck, containing the two men, rammed Boeck's car. The truck then stalled. He saw one of the men in the truck pointing a .357 caliber pistol out the window toward De La Garza.

Officers Boeck and De La Garza both related the same sequence of events as testified to by Medlin. A small .25 caliber pistol was taken from appellant and the .357 caliber pistol was recovered after it was thrown from the pick-up truck. The evidence revealed that this .357 caliber pis-

tol was the service revolver taken from Officer Gorrell during the initial confrontation.

Two fired shell casings found at the scene where Gorrell was assaulted were shown to have been fired from the .25 caliber pistol taken from appellant. Two particles of a red, rear taillight lens, found at the scene where Gorrell was assaulted, matched the taillight assembly from the vehicle used by appellant and Clenton Ray Gantz.

In his tenth ground of error, appellant alleges he was entitled to an instructed verdict of acquittal because the proof varied from the charge in the indictment; and that the proof was insufficient under the theory in the indictment or under the law of parties.

The pertinent portion of the indictment charged:

that Clifford Gantz and Clenton Ray Gantz, on or about the 12th day of October, A.D. 1979, and before the presentment of this indictment, in said County and State, did then and there unlawfully with the specific intent to commit the offense of Capital Murder intentionally and knowingly attempt to cause the death of an individual, Michael Gorrell, a peace officer by shooting him with a handgun and the said Clifford Gantz and Clenton Ray Gantz then and there knew that the said Michael Gorrell was a peace officer, to-wit: a Highway Patrolman for the Texas Department of Public Safety who was acting in the lawful discharge of an official duty to-wit: making a lawful stop of the vehicle operated by Clifford Gantz and Clenton Ray Gantz on a Highway, said attempt amounting to more than mere preparation that tends but fails to effect the commission of the offense intended; . . .

The allegations in the indictment are sufficient to charge appellant with the offense of attempted capital murder. TEX.PENAL CODE ANN. §§ 15.01(a) (Vernon Supp. 1982–1983) and 19.03(a)(1) (Vernon 1974). The allegations in the indictment are also sufficient to permit appellant's responsibility to be based upon an application of the law of parties pursuant to TEX.PENAL CODE ANN. §§ 7.01 and 7.02(a)(2) (Vernon 1974); *Pitts v. State,* 569 S.W.2d 898 (Tex. Cr.App.1978).

The court charged the jury on the definitions of murder, capital murder, intent, knowledge and on the law of criminal responsibility as a party. The application of the law to the facts permitted the jury to find appellant guilty as a party to the offense.

Under the prior Penal Code, it was held that a pistol was a deadly weapon *per se* and when used by a defendant an intent to kill was presumed. *Williams v. State,* 567 S.W.2d 507 (Tex.Cr.App.1978); *Garcia v. State,* 541 S.W.2d 428 (Tex.Cr.App.1976). This presumption of an intent to kill arising from the use of a pistol is no longer valid under our present Penal Code. *Harrell v. State,* 659 S.W.2d 825 (Tex.Cr.App.1983). Although the evidence presented by the State does not reveal that appellant, himself, fired any of the shots that struck Officer Gorrell, appellant's intent to kill was established by Gorrell's testimony. According to Gorrell, appellant physically assisted his brother by holding down Officer Gorrell and by encouraging his brother to kill Gorrell. Under the facts presented, there is no variance between the indictment and the evidence relied upon by the State. The evidence is sufficient to sustain the conviction. *See Pitts v. State, supra; Blansett v. State,* 556 S.W.2d 322 (Tex.Cr.App.1977). Appellant's tenth ground of error is overruled.

Appellant's first ground of error is the trial court reversibly erred by refusing his requested charge on the lesser included offense of aggravated assault. A two-step analysis is used to determine whether a charge on a lesser included offense is required. First, the elements of the lesser offense must be included within the proof necessary to establish the offense charged, and of this there is no doubt in the case before us. Secondly, there must be some evidence in the record that if the defendant is guilty, he is guilty only of the lesser

offense. *Salinas v. State,* 644 S.W.2d 744 (Tex.Cr.App.1983); *Royster v. State,* 622 S.W.2d 442 (Tex.Cr.App.1981) (on rehearing). The second step in the analysis has been interpreted to mean that if the evidence raises the issue that the accused is guilty of the greater offense or no offense at all, the issue of a lesser included offense is not raised. *Gonzales v. State,* 632 S.W.2d 899 (Tex.App.—Dallas 1982), pet. ref'd; *Simpkins v. State,* 590 S.W.2d 129 (Tex.Cr. App.1979).

Appellant did not testify but called two witnesses on his behalf. The first witness, Karl Miller, testified that he observed the passenger of the stopped vehicle approach the officer from behind. The officer was in the process of searching the driver at this time. The passenger seemed to attack the officer. When the driver observed this, he momentarily hesitated and then joined in on the attack. Miller observed both men beating the officer and heard what he believed to be gunshots. Karl Miller could not positively identify appellant as the driver of the vehicle that was stopped but indicated appellant was about the same size as the driver. As both the driver and passenger were returning to their vehicle, the passenger turned and fired another shot at the officer. The testimony of Miller does not negate the intent to kill previously discussed.

The second witness for appellant was Clenton Ray Gantz. He testified that he alone struggled with and shot Gorrell. He further testified that appellant did not help him, nor did appellant offer any advice or encouragement. According to Clenton, appellant was merely a non-participating observer to the attack on Gorrell and thus committed no offense against Gorrell.

■ The evidence as submitted by both sides established that appellant was guilty, either as a party to the offense charged or of no offense at all. Accordingly, the issue of a lesser included offense was not raised. The trial court properly denied appellant's requested charge. *See Park v. State,* 659 S.W.2d 55 (Tex.App.—Houston [14th Dist.], 1983); *Mills v. State,* 625 S.W.2d 47 (Tex.App.—San Antonio 1981); *Simpkins v. State, supra.* Appellant's first ground of error is overruled.

In his second ground of error, appellant contends that the trial court erred in admitting evidence of extraneous offenses. Specifically, appellant directs our attention to the testimony of Officers Castaneda, De La Garza, Boeck and the testimony of Mike Medlin. The testimony of the witnesses described the events occurring immediately subsequent to the shooting of Gorrell.

In *Archer v. State,* 607 S.W.2d 539, 542 (Tex.Cr.App.1980) the court held:

Where an offense is one continuous transaction, or another offense is part of the case on trial or blended closely interwoven, proof of all such facts is proper. *Welch v. State,* 543 S.W.2d 378, Tex.Cr. App.; *Johnson v. State,* 510 S.W.2d 944, Tex.Cr.App. Such an extraneous offense is admissible to show the context in which the criminal act occurred; this has been termed the 'res gestae,' under the reasoning that events do not occur in a vacuum and the jury has a right to hear what occurred immediately prior to and subsequent to the commission of that act so that they may realistically evaluate the evidence. *Albrecht v. State,* 486 S.W.2d 97, Tex.Cr.App.

The testimony of which appellant complains showed the context in which the criminal act occurred. The testimony showed appellant's flight from the scene, the efforts made to locate and apprehend him and his resistance to arrest.

■ Flight is a circumstance from which an inference of guilt may be drawn and is admissible even though it may show the commission of other crimes. In proving flight, it is relevant to show the efforts made to locate or apprehend the accused, his pursuit and capture, and his resistance to arrest when apprehended. *Whittington v. State,* 580 S.W.2d 845 (Tex.Cr.App.1979) and cases cited therein.

■ We hold that the trial court did not err in admitting evidence of appellant's

flight and the circumstances surrounding appellant's apprehension. Accordingly, appellant's second ground of error is overruled.

Appellant's third ground of error is the trial court erred in overruling his objection to the court's charge. Appellant contends the trial court should have limited the jury's consideration of the extraneous offenses involving appellant's flight and arrest.

 It has been consistently held that it is not necessary to give a limiting instruction on extraneous offenses which are admitted as part of the transaction which includes the offense on trial. *Hoffert v. State,* 623 S.W.2d 141 (Tex.Cr.App.1981); *Archer v. State, supra; Luck v. State,* 588 S.W.2d 371 (Tex.Cr.App.1979). Since the evidence of these extraneous offenses was properly admitted as *res gestae* of the offense and the context within which it occurred, no limiting instruction was required. Appellant's third ground of error is overruled.

Appellant's fourth ground of error is the trial court committed reversible error in refusing his motion for mistrial after the presentation before the jury of inadmissible hearsay evidence of the extraneous offenses of armed robbery and auto theft.

 During the trial on the merits, the prosecutor questioned DPS Officer Traeger about his investigation in regards to the license plates of the suspected vehicle. The record reflects the following:

Q: All right. Did you then do anything in your investigation in regard to the license plates?

A: Yes, sir. As I was there, I wanted to preserve what evidence was there. I also checked with San Antonio, the license plate, to ascertain if the license plate belonged on this vehicle. This is routine. I do this in my routine patrol duties, do it many times a day as I stop a vehicle. I waited for the response from the San Antonio dispatcher. She gave me the year model of the vehicle—

MR. KLINGEMAN: Your Honor, we object to that. Getting into hearsay testimony of someone who is not on the witness stand.

MR. MUNSON: What someone did, not what was said; this is in response to what he requested, not saying what he got, that is not hearsay.

MR. KLINGEMAN: He did on the radio, had to be hearsay, Your Honor.

THE COURT: The objection will be overruled.

MR. KLINGEMAN: Note our exception.

THE WITNESS: A: I received information of the vehicle identification number. Each vehicle has a vehicle identification number. This should correspond with the license plate that is on the vehicle. I checked the vehicle identification number on this vehicle. It did not correspond with the license plate that was on the bronze two door Pontiac.

I then radioed San Antonio and gave them the vehicle identification number that was on the bronze two door Pontiac. And I later found out that the vehicle had been stolen earlier, also that it was involved in an armed robbery.

MR. KLINGEMAN: Your Honor, that is hearsay again. That is unauthenicated [sic]. This witness has no grounds of—

MR. MUNSON: As a result of his investigation.

THE COURT: The objection will be sustained. The Jury will disregard the answer of the witness.

MR. KLINGEMAN: Move for mistrial, Your Honor.

THE COURT: The motion will be denied.

MR. MUNSON: Q: Okay. Now, what else, then, did you do, Trooper Traeger, as far as your investigation of your duties in this particular incident?

A: I remained at the scene where the wrecked vehicle was to help in gathering and sustaining evidence there at the scene.

Q: All right. And then is that just about the end of this event then?

A: Yes, sir.

MR. MUNSON: All right. Thank you, sir. Pass the witness.

MR. KLINGEMAN: Thank you, Trooper. I have no questions.

Generally, error in the admission of improper testimony is usually cured by the trial court's instruction to disregard, except in extreme cases where it appears that the question or evidence is clearly calculated to inflame the minds of the jury and is of such character as to suggest the impossibility of withdrawing the impression produced on their minds. *Thompson v. State,* 612 S.W.2d 925 (Tex.Cr.App.1981). Thus, testimony implying or referring to extraneous offenses allegedly committed by the defendant may be rendered harmless by the trial court's instruction to disregard. *Campos v. State,* 589 S.W.2d 424 (Tex.Cr.App. 1979).

██ We find that the error of which appellant complains was rendered harmless by the trial court's action in sustaining the objection and instructing the jury to disregard. *See Moore v. State,* 434 S.W.2d 852 (Tex.Cr.App.1968); *Thompson v. State, supra; Campos v. State, supra.*

Additional support for our finding of harmless error is found in the testimony given on appellant's behalf. While on direct examination by appellant's counsel, Clenton Ray Gantz told the jury how he obtained the vehicle that was eventually stopped by Gorrell. Gantz testified that he hitched a ride in the vehicle while in Houston on October 11, 1973. While riding in the vehicle, Gantz pulled a gun on the driver. After taking the driver's money and clothes, Gantz took the car. Gantz testified that his brother, appellant, was not present when this incident occurred and that he never informed appellant about it. Thus, after having the mere mention of the extraneous offenses excluded from the jury's consideration by the trial court's instruction, appellant placed in evidence, and in greater detail, the same extraneous offenses. Under such circumstances, appellant is in no position to complain. *See Womble v. State,* 618 S.W.2d 59 (Tex.Cr.

App.1981). No harm is shown. *See Simmons v. State,* 504 S.W.2d 465 (Tex.Cr.App. 1974), *cert. denied,* 419 U.S. 829, 95 S.Ct. 51, 42 L.Ed.2d 54 (1974). Appellant's fourth ground of error is overruled.

In his fifth ground of error, appellant contends the trial court erred in overruling his objections to the court's charge on punishment.

In his brief, appellant claims the trial court erred in refusing to give a limiting instruction on the extraneous offenses at the punishment phase because these were unadjudicated offenses. At trial, appellant only objected on the ground that, in light of the fact that evidence of extraneous offenses had been admitted, the trial court's charge did not limit the jury's consideration to the offense charged.

██ Nothing is presented for review when a ground of error presented on appeal varies from an objection raised at trial. *Guerra v. State,* 648 S.W.2d 715 (Tex.App. —Corpus Christi 1982); *Watkins v. State,* 572 S.W.2d 339 (Tex.Cr.App.1978). Even if appellant's complaint in this regard were preserved, no error would be shown.

As was noted previously, the events surrounding appellant's flight and apprehension were admissible to show the context in which the criminal act occurred. Being the circumstances surrounding the instant offense, they were properly before the jury for consideration on punishment and no limiting instruction was required. *Hoffert v. State, supra.*

██ Appellant also urges it was error for the trial court to give the jury an admonitory charge on parole over his objection. The admonitory charge on parole in the record before us is almost identical to the one found in *Williams v. State,* 511 S.W.2d 64 (Tex.Cr.App.1974). In *Williams v. State, supra,* it was held that the giving of such an admonitory charge lies within the sound discretion of the trial court. Even in the face of a timely objection thereto, no error is shown. *O'Bryan v. State,* 591 S.W.2d 464 (Tex.Cr.App.1979), *cert. denied,* 446 U.S. 988, 100 S.Ct. 2975, 64

L.Ed.2d 846 (1980); *Williams v. State, supra.* Appellant's fifth ground of error is overruled.

■ Appellant's sixth ground of error is the trial court erred in refusing to include a circumstantial evidence instruction in the charge to the jury. The requirement of a circumstantial evidence charge in a criminal case in Texas has been abolished. *Hankins v. State,* 646 S.W.2d 191 (Tex.Cr.App.1981) (on rehearing 1983). Ground of error number six is overruled.

In his seventh ground of error, appellant urges reversible error in the trial court's failure to grant appellant's motion to quash the indictment. The main thrust of appellant's argument is that he was entitled to know what specific acts he was supposed to have engaged in that would render him criminally responsible for the alleged offense. Without such specific acts alleged in the indictment, appellant claims he was denied adequate notice and due process.

■ We first observe that the indictment, earlier noted herein, on its face states the offense of attempted capital murder. *See* TEX.PENAL CODE ANN. §§ 15.01(a) (Vernon Supp. 1982–1983) and 19.03(a)(1) (Vernon 1974); *Pitts v. State,* 569 S.W.2d 898 (Tex.Cr.App.1978). However, the test for determining the sufficiency of a charging instrument, in the face of a motion to quash wherein a defendant claims he does not have sufficient notice of that with which he is charged, is to examine the charging instrument from the perspective of the accused, and in light of the presumption of innocence. *Coleman v. State,* 643 S.W.2d 124 (Tex.Cr.App.1982).

■ While the *general rule is that a* motion to quash will be allowed if the facts sought are essential to giving notice, it is equally true that unless a fact is essential, the indictment need not allege evidence relied upon by the State. *Inman v. State,* 650 S.W.2d 417 (Tex.Cr.App.1983).

■ The indictment in the instant cause charged appellant and Clenton Ray Gantz with the shooting of Gorrell. Thus, both men were charged directly with commission of the offense as principal offenders. Although not dealing with a motion to quash, such as the one filed in this cause, in *Pitts v. State, supra* at 900, the Court of Criminal Appeals stated:

> In the new penal code, the legislature eliminated the distinction between principals and accomplices and the attendant complexities in drafting indictments. Under the former code it was not necessary to allege the facts to show that a defendant was a principal; a principal offender could be charged directly with the commission of the offense although it was not actually committed by him; e.g., *Baker v. State,* 131 Tex.Cr.R. 626, 101 S.W.2d 816 (1937); *Coots v. State,* 110 Tex.Cr.R. 105, 7 S.W.2d 539 (1928); *Quillin v. State,* 79 Tex.Cr.R. 497, 187 S.W. 199 (1916); *Madrid v. State,* 71 Tex.Cr.R. 420, 161 S.W. 93 (1913); and V.T.C.A. Penal Code, Sec. 7.01(c) now plainly requires that we hold a party to an offense may be charged with the offense without alleging the facts which make the defendant a party to the offense and criminally responsible for the conduct of another.

We believe the rationale of *Pitts v. State, supra,* is equally applicable here even in the face of appellant's motion to quash. The additional information requested by appellant is evidentiary and not required for purposes of notice and plea in bar. *See Hall v. State,* 640 S.W.2d 307 (Tex.Cr.App. 1982); *see also May v. State,* 618 S.W.2d 333 (Tex.Cr.App.1981), *vacated,* 454 U.S. 959, 102 S.Ct. 497, 70 L.Ed.2d 374 (1981). Compare *Inman v. State, supra; Bush v. State,* 628 S.W.2d 270 (Tex.App.1982); *Phillips v. State,* 597 S.W.2d 929 (Tex.Cr.App. 1980). Appellant's seventh ground of error is overruled.

Appellant's eighth ground of error is the trial court erred in overruling his objections to the charge at the guilt-innocence stage.

■ At trial, appellant timely presented to the court eighteen objections to the charge. In this sole ground of error, appellant urges various errors that rendered the charge objectionable to him. Appellant,

having raised multiple issues in this single ground of error, is not in compliance with TEX.CODE CRIM.PROC.ANN. art. 40.09(9) (Vernon Supp.1982–1983); *see Brooks v. State,* 642 S.W.2d 791 (Tex.Cr.App.1982). However, we can identify the contentions now urged and will address them. *See Ben-Schoter v. State,* 638 S.W.2d 902 (Tex. Cr.App.1982).

■■■■ One of appellant's main contentions is that the court erred in charging on the law of parties when the indictment did not contain any allegations concerning parties to the offense. This contention has been decided adversely to appellant. If the evidence supports a charge on the law of parties, as it does here, the court may charge on the law of parties even though there is no such allegation in the indictment. *Blanco v. State,* 641 S.W.2d 532 (Tex.Cr.App.1982); *Pitts v. State, supra* at 900. The submission of the law of parties in the court's charge did not create a fatal variance between the indictment and charge. *Pitts v. State, supra.*

Included in the definitions given in the charge, were murder; capital murder when committed on a peace officer; criminal attempt; the culpable mental states of intentionally and knowingly; parties to the offense and criminal responsibility. The court charged on the presumption of innocence. The jury was instructed that the burden of proof as to each element of the offense was upon the State. Each element of the offense had to be established by the State beyond a reasonable doubt.

■■■ In the application of the law to the facts the court charged as follows:

Now, if you find from the evidence beyond a reasonable doubt that on or about the 12th day of October, 1979, the said Michael Gorrell was a peace officer, to-wit, a highway patrolman for the Texas Department of Public Safety, and that he was acting in the lawful discharge of an official duty, to-wit, making a lawful stop of a vehicle operated by Clifford Gantz and Ray Gantz and that Ray Gantz knew that Michael Gorrell was a peace officer and that Ray Gantz, so knowing, intentionally or knowingly attempted to cause the death of Michael Gorrell by shooting him with a handgun and that the defendant, Clifford Gantz, knew of the intent, if any, of the said Ray Gantz to cause the death of Michael Gorrell, and further that the defendant, Clifford Gantz, knew that Michael Gorrell was a peace officer, to-wit, a highway patrolman for the Texas Department of Public Safety, and Clifford Gantz acted with intent to promote or assist in the commission of the offense by Ray Gantz by encouraging, directing, aiding or attempting to aid Ray Gantz to commit the offense of causing the death of Michael Gorrell, then you will find the defendant, Clifford Gantz, guilty of attempted capital murder as charged in the indictment.

Unless you so find beyond a reasonable doubt or if you have a reasonable doubt thereof, you will acquit the defendant and find the defendant not guilty.

A reading of the charge reveals that it properly placed the burden of proof beyond a reasonable doubt as to each element of the offense charged upon the State. *See* TEX.PENAL CODE ANN. §§ 7.01, 7.02, 15.01(a) and 19.03(a)(1), *supra.*

In conformity with the indictment and the facts presented at trial, the charge properly instructed the jury on the law applicable to the case. The eighth ground of error is overruled.

■■■ In his ninth ground of error, appellant alleges that the conduct of the trial as a whole constituted such cumulative error that the conviction cannot be sustained. This ground of error is not in compliance with TEX.CODE CRIM.PROC.ANN. art. 40.09, § 9 (Vernon Supp. 1982–1983). *See Price v. State,* 626 S.W.2d 833 (Tex.App.— Corpus Christi 1981); *McIlveen v. State,* 559 S.W.2d 815 (Tex.Cr.App.1977). Further, we find no error that can be cumulated in the record before us. *See Henry v. State,* 567 S.W.2d 7, 9 (Tex.Cr.App.1978); *Stutes v. State,* 530 S.W.2d 309, 313 (Tex.

Cr.App.1975). Ground of error nine is over-ruled.

The judgment is affirmed.