Jack Grady HARRIS, Appellant,

v.

The STATE of Texas, Appellee.

No. 38943.

Court of Criminal Appeals of Texas.

Jan. 12, 1966.

Rehearing Denied Feb. 23, 1966.

Tom Howard, Dallas, Waldie, McDowell & Colvin, by Emmett Colvin, Jr. (on appeal only), Dallas, for appellant.

Henry Wade, Dist. Atty., John Nelms, Kenneth E. Blassingame and W. John Allison, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is assault with intent to commit murder with malice; the punishment, five years.

Phyllis Herring, the injured party, testified that while visiting in the home of the McFaddens, her three year old daughter had come in on three occasions complaining that the appellant's son, Pinky, had struck her. Mrs. Herring stated that on the last occasion, accompanied by her daughter, she went to the appellant's house, met him outside and told him that she wanted something done about the welts inflicted by his son. She further testified that appellant stated, "What in the hell do you want me to do about it?", and thereupon called his wife outside. His wife appeared and during the conversation which ensued Mrs. Herring stated that appellant told his wife three times to "Go in the house and get the God damn ice pick and cut that son of a bitch's guts out." Mrs. Herring stated that she headed back for the home of her friends and that as she reached their driveway she heard some loud talking, turned to the left, and felt the impact of the bullet piercing her head.

It was undisputed that appellant's wife shot Mrs. Herring.

Witness Knowles testified that he was on the front porch of his home across the street during the argument between appellant's wife and Mrs. Herring, that appellant and his wife were on their porch and Mrs. Herring was in their yard, and that as Mrs. Herring turned to walk back to the McFadden house, the appellant said, "Don't argue with her, blow her God damn head off" and that Mrs. Herring turned around at which time a shot was fired.

Dr. Linder, resident ophthalmologist at Parkland Hospital, testified that he examined Mrs. Herring on the night of the shooting and found that a bullet had perforated and completely destroyed the globe of her eye and had come to rest in the temporal lobe of her brain. He stated that he surgically removed the entire wounded eye.

Mrs. McFadden corroborated Mrs. Herring as to the presence of welts on the young daughter's back.

Officer Franklin testified that he found blood puddles on the McFadden driveway some twenty-five feet from the appellant's house.

Testifying in his own behalf, appellant stated that Mrs. Herring called him a son of a bitch, that he did not encourage his wife in any way to harm Mrs. Herring, that he did not expect his wife to do any more than try to reason with her, and that he did not see the gun with which his wife shot Mrs. Herring.

In support of his application for suspended sentence, the appellant called a number of character witnesses.

The appellant's sole contention on appeal relates to the sufficiency of the evidence to convict him as a principal under Article 66, Vernon's Ann.P.C., which reads as follows:

"When an offense is actually committed by one or more persons, but others are present, and knowing the unlawful intent, aid by act or encourage by words or gestures, those actually engaged in the commission of the unlawful act, or who, not being actually present, keep watch so as to prevent the interruption of those engaged in committing the offense, such persons so aiding, encouraging or keeping watch are principal offenders."

Under the rule announced by this Court in Brown v. State, 146 Tex.Cr.R. 602, 177 S.W.2d 64, we find the evidence sufficient to warrant the jury's finding that the accused was present, knew of his wife's unlawful intent, and encouraged by words her unlawful act.

No reversible error appearing, the judgment is affirmed.