**Harold Rhett STEIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–84–00416–CR.**

Court of Appeals of Texas, Dallas.

March 29, 1985.

John H. Hagler, Dallas, for appellant.

Kathi Alyce Drew, Asst. Dist. Atty., Dallas County, Dallas, for appellee.

Before STEPHENS, VANCE and DEVANY, JJ.

DEVANY, Justice.

This is an appeal from a conviction of aggravated assault upon a participant in a court proceeding. Appellant was sentenced to three years in the Texas Department of Corrections and assessed a fine of $2,500.00, probated for five years. Appellant brings five grounds of error contending that the indictment failed to put him on notice that he was charged as a party and to apprise him as to how he was a party to the offense; that the State failed to prove that the assault victim had performed an "official duty," and was a participant in a "court proceeding;" and that the evidence is insufficient to support the conviction. For the reasons set out below, we affirm the conviction.

Complainant, H. Wayne Meachum, is a practicing attorney in Dallas County, Texas. Complainant filed a civil lawsuit on behalf of a client in which he sued another party for damages on default in payment on a promissory note and for sequestration of an automobile in satisfaction of a security interest that his client possessed in the automobile. On September 22, 1983, complainant counseled his client to repossess the automobile from the driveway of appellant's home, and the client so followed complainant's advice. Appellant was not a party to the civil lawsuit.

On September 23, 1983, complainant went to his office and a man named John Norris was waiting in the lobby. Norris said that his boss had left some insulin in the automobile which was taken from appellant's driveway. Complainant asked Norris to wait and went to his office to call his client. Appellant, accompanied by three other men, entered complainant's office while complainant was talking on the telephone to another client. Appellant told complainant to get off the telephone, and then motioned to one of the men, Joel West, and pointed to complainant. Then West hit complainant with his fist and beat him on the head with the telephone receiver. The three other men left the office, and appellant remained in the office until the police arrived on the scene. During this time, appellant verbally abused complainant. Complainant did not press charges at that time, and no arrest was made. Complainant went with appellant to the courthouse to attempt to resolve the dispute over the automobile with appellant's attorney.

In his first two grounds of error, appellant contends that the indictment failed to put him on notice that he was charged as a party and that it failed to apprise him as to how he was a party to the offense.

The pertinent part of the indictment is set forth below:

Defendant ... did unlawfully, then and there, intentionally and knowingly cause bodily injury to another, namely, H. Wayne Meachum, by striking H. Wayne Meachum with his fist and striking H. Wayne Meachum with a telephone handset, and said H. Wayne Meachum was a participant in a court proceeding, namely, an attorney representing a party in a court proceeding, namely, a lawsuit styled "CHARLES HOLDEN vs. B. GREGORY CLARK," then pending in the 101st Judicial District Court of Dallas County, Texas, Cause No. 83–10298–E, and said Defendant caused said bodily injury to H. Wayne Meachum when Defendant had been informed that H. Wayne Meachum was a participant in said court proceeding and on account of said H. Wayne Meachum having performed an official duty as a participant in said court proceeding by counseling his client, CHARLES HOLDEN, in obtaining possession of a 1981 Porsche automobile on September 22, 1983....

Appellant argues that, if he was guilty at all, it was as a party under TEX.PENAL CODE ANN. § 7.02 (Vernon 1974) and thus entitled to such notice and also that he was entitled to notice as to the facts that would make him a party to such offense.

Each party to an offense may be charged with commission of the offense. TEX.PENAL CODE ANN. § 7.02(b). The law of parties may be applicable even though no such allegation is contained in the indictment. *Pitts v. State,* 569 S.W.2d

898, 900 (Tex.Crim.App.1978) (*en banc*). A party to an offense may be charged with the offense without alleging the facts which make the defendant a party to the offense and criminally responsible for the conduct of another. *Pitts,* 569 S.W.2d at 900.

■ Nevertheless, appellant urges that he was entitled to the notice since a motion to quash was filed. In support of his argument, appellant cites cases in which the Court of Criminal Appeals held that, upon motion to quash, the manner and means of the commission of an offense must be alleged. *Jeffers v. State,* 646 S.W.2d 185, 188 (Tex.Crim.App.1981) (*en banc*); *Cruise v. State,* 587 S.W.2d 403, 404–405 (Tex. Crim.App.1979). However, in *Gantz v. State,* 661 S.W.2d 213, 222 (Tex.App.—San Antonio 1983, pet. ref'd), the court was faced with the same contention as the one in the instant case. The court in *Gantz* rejected the contention on the basis that the information was merely evidentiary and, thus, need not have been alleged. We agree with the reasoning in *Gantz.* In both *Cruise* and *Jeffers,* the facts requested in the motions to quash were essential to specify elements of the crime with which the defendants were charged. In the case at hand, the information sought by appellant was evidentiary. Thus, it was unnecessary to the providing of sufficient notice of the charge. *Gantz,* 661 S.W.2d at 222.

In his third and fourth grounds of error, appellant contends that the State failed to prove that the assault victim had performed an "official duty" and that the State failed to prove that the assault victim was a participant in a "court proceeding" pursuant to the requirements of TEX.PENAL CODE ANN. § 22.02(a)(3)(B) (Vernon Supp.1985). Section 22.02(a)(3)(B) provides in pertinent part:

A person commits an offense if the person commits assault as defined in Section 22.01 of this code and the person ... causes bodily injury to a participant in a court proceeding when the person knows or has been informed the person assaulted is a participant in a court proceeding

... in retaliation for or on account of the injured person's having exercised an official power or performed an *official duty as a participant in a court proceeding* ... (emphasis added).

"Participant in a court proceeding" is defined under TEX.PENAL CODE ANN. § 1.07(a)(37) (Vernon Supp.1985) as "a judge, a prosecuting attorney or an assistant prosecuting attorney who represents the state, a grand juror, a party in a court proceeding, *an attorney representing a party,* a witness, or a juror" (emphasis added).

■ We note first that complainant does indeed come within the definition of a "participant in a court proceeding" for purposes of Section 1.07(a)(37). Appellant does not challenge this point. However, appellant argues that complainant did not perform an "official duty" for purposes of coming within the terms of Section 22.02(a)(3)(B). "Official duty" is not defined in the Penal Code. Therefore, the term must be given its common and familiar meaning under TEX.REV.CIV.STAT.ANN. art. 5429b–2, § 2.01 (Vernon Supp.1985) and TEX.CODE CRIM.PROC.ANN. art. 3.01 (Vernon 1977).

■ We conclude that an attorney does possess "official duties." The right to practice law is a franchise from the State. *Hankamer v. Templin,* 143 Tex. 572, 187 S.W.2d 549, 551 (1945). Therefore, attorneys act under powers granted by the State, *cf., State Bar of Texas v. Heard,* 603 S.W.2d 829, 834 (Tex.1980), and must comply with the rules promulgated by the Texas Supreme Court pursuant to TEX.REV. CIV.STAT.ANN. art. 320a–1, § 8 (Vernon Supp.1985). An attorney does have a duty to his client pursuant to TEX.REV.CIV. STAT.ANN. art. 309 (Vernon 1973). That statute provides in pertinent part that an attorney take an oath to "honestly demean himself in the practice of law, and ... discharge his *duty* to his client to the best of his ability ..." (emphasis added).

Moreover, an attorney is an officer of the court. *Texas Sand Co. v. Shield,* 381 S.W.2d 48, 58 (Tex.1964); *Martinez v. State,* 167 Tex.Cr.R. 97, 318 S.W.2d 66, 71

(1958). The practice of law includes "the management of the actions and proceedings on behalf of clients before judges in courts as well as services rendered out of court, including the giving of advice or the rendering of any service requiring the use of legal skill or knowledge...." TEX. REV.CIV.STAT.ANN. art. 320a–1, § 19(a) (Vernon Supp.1985). Thus, when representing a client in these capacities, an attorney is performing the duties of his office.

In *Ex parte Spain*, 589 S.W.2d 132, 134 (Tex.Crim.App.1979) (*en banc*), the court noted section 1.2(a) of the American Bar Association's *Standards Relating to the Prosecution Function and the Defense Function* which provided that a prosecutor should avoid the appearance or reality of a conflict of interest with respect to his "official duties." The substance of that section has been incorporated into and broadened in the *ABA Standards for Criminal Justice* 3–1.2 (2nd ed. 1980). This same "official duty" would necessarily be incumbent upon any type of lawyer pursuant to the Code of Professional Responsibility. SUPREME COURT OF TEXAS, RULES GOVERNING THE STATE BAR OF TEXAS art. XII, § 8 (Code of Professional Responsibility) DR 5–101 (1973).

■ We hold that an attorney has "official duties," as a participant in a court proceeding. We further hold that complainant had exercised his official duties in the instant case. Complainant testified that he counseled his client regarding the repossession of the automobile from appellant's driveway, pursuant to a lawful court order, a writ of sequestration. Clearly, this counseling came within the "official duties" of the attorney; it constituted the giving of advice requiring the use of legal skill or knowledge. TEX.REV.CIV.STAT. ANN. art. 320a–1, § 19 (Vernon Supp. 1985). Therefore, we hold that the State proved that complainant performed an "official duty" by counseling his client in obtaining the automobile.

■ With regard to appellant's contention that complainant was not a participant in a "court proceeding," we disagree. Appellant contends that the indictment only alleges that the court proceeding was a pending lawsuit and that this does not constitute a "court proceeding." However, complainant had been involved in a "court proceeding" regarding the possession of the automobile. The evidence reflects that appellant became aware of the court proceeding when the automobile was taken from his driveway. He then proceeded to the court in which the lawsuit was filed, reviewed the docket sheet, and obtained the name and phone number of complainant. Clearly, the record reflects that a "court proceeding" was ongoing. Moreover, on the very day of the offense, complainant had made a court appearance regarding the repossession (after it had occurred) and the title to the automobile. We hold that the evidence adduced at trial showed complainant was a participant in a "court proceeding."

■ Finally, appellant contends that the evidence is insufficient to support the conviction. Specifically, appellant argues that appellant did not assault complainant or flee the scene and that his mere presence was not sufficient to support the conviction, *Ortiz v. State*, 577 S.W.2d 246, 248 (Tex.Crim.App.1979), and that the evidence is insufficient to show a common design between appellant and West in commission of the assault. We disagree. The evidence shows that appellant, along with three other men, barged into complainant's office and blocked the door. Appellant told complainant to get off of the phone. Complainant said to wait just a minute and that he would be right with him. Then appellant motioned to one of the other men to close the office door. Then appellant motioned to West who went to complainant and began hitting complainant with his fist and the telephone receiver. Complainant required several stitches as a result of the injuries from the attack. Although appellant did not flee from the scene, he did follow complainant into the outer office where a crowd had gathered. He then delivered an abusive verbal attack on com-

plainant, and indicated that West was his employee. The evidence is sufficient to show that appellant was present, knew of West's intent, and not only encouraged, but directed, him to do an unlawful act. *See Harris v. State*, 398 S.W.2d 773, 774 (Tex. Crim.App.1966). We hold that the evidence was sufficient to find appellant guilty as a party.

We overrule all of appellant's grounds of error and affirm the conviction.