**Arthur E. JOHNSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–87–00322–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

March 31, 1988.

Arthur E. Johnson, Will Gray, Houston, for appellant.

John B. Holmes, Dist. Atty. Harris County, Kathy Giannaula, Asst. Dist. Atty., for appellee.

Before EVANS, C.J., and SAM BASS and DUNN, JJ.

OPINION

EVANS, Chief Justice.

This is an appeal from a conviction for aggravated assault. A jury found appellant, Arthur Johnson, guilty as charged, and the court sentenced him to 10 years confinement, which was probated, and a $1,000 fine.

Appellant was convicted under the provisions of Tex. Penal Code Ann. sec. 22.-02(a)(3)(B) (Vernon Supp.1988):

(a) A person commits an offense if the person commits assault as defined in Section 22.01 of this code and the person:

(3) causes bodily injury to a participant in a court proceeding when the person knows or has been informed the person assaulted is a participant in a court proceeding:

(B) in retaliation for or on account of an injured person's having exercised an official power or performed an official duty as a participant in a court proceeding....

In two points of error, appellant challenges the sufficiency of the evidence.

Appellant was a pro se plaintiff in a lawsuit and the complainant was the attorney representing one of several defendants in the lawsuit. The lawsuit had been pending for about three years, and both appellant and the complainant had been present at many hearings on motions relating to the suit. On January 6, 1986, appellant and the complainant attended a hearing on the complainant's motion to impose sanctions for appellant's failure to comply with a discovery order. After hearing the parties' arguments, the court announced that it would strike appellant's pleadings as to all defendants and dismiss the case.

After the hearing, there was a disturbance between appellant and the complainant in the hall outside the courtroom. Three witnesses testified that appellant

struck the complainant several times with his fist and that the complainant did not strike back but shielded his face with his brief case. A policeman standing nearby subdued appellant and placed him under arrest. Appellant was subsequently charged with aggravated assault under section 22.02(a)(3)(B) for intentionally and knowingly causing bodily injury to a participant in a court proceeding in retaliation for and on account of the injured person's exercise of his official business.

█ In his first point of error, appellant contends that the evidence is insufficient to prove that appellant's fist fight with the complainant was "in retaliation of or account of the complainant's exercise or performance of an official power or duty as a participant in a court proceeding." Appellant concedes that his testimony, as well as the testimony of his daughter and the presiding judge, demonstrates appellant's knowledge that the complainant was an attorney representing a client in appellant's civil lawsuit. Appellant also concedes that the complainant sustained bodily injury as a result of the altercation.

Appellant is apparently disputing: (1) that the confrontation occurred in a court proceeding and (2) that it was based on the complainant's exercise of an "official power" or performance of an "official duty." He points out that the terms "court proceeding," "exercise of an official power," and "performance of an official duty" do not have statutory definitions. He argues that the only case decided under section 22.02(a)(3)(b), *Stein v. State*, 689 S.W.2d 932 (Tex.App.—Dallas 1985, pet. ref'd), was decided incorrectly. In *Stein*, the court held that an attorney who participated in a court proceeding had "official duties" and that the attorney, in advising his client, had exercised his official duties in that case. We have no difficulty with the court's reasoning in *Stein*.

Furthermore, the facts in this case are even clearer than in *Stein*. In this case, the attorney was not merely advising his client; he represented him in ongoing court proceedings. Immediately before the assault occurred, the court struck appellant's pleadings because of the complainant's motions. The evidence was uncontroverted that the assault occurred within moments from the time both appellant and the complainant were seen leaving the courtroom. Appellant admitted that he had no dealings with the complainant other than those in connection with the lawsuit. Thus, there was ample evidence to support the jury's finding that the assault was in retaliation for or on account of the complainant's performance of an official duty.

Appellant's first point of error is overruled.

█ In his second point of error, appellant contends that the evidence was insufficient to prove that, at the time of the altercation between appellant and the complainant, either party was a "participant in a court proceeding." Appellant argues that it is not the intent of section 22.02 to afford attorneys a "24-hour security blanket."

To meet its burden of proof under the statute, the State was required to prove only that appellant knowingly caused bodily injury to a participant in a court proceeding in retaliation for the injured person's having exercised or performed an official power or duty. The State was not required to prove that the assault occurred during the actual court proceeding. *See, e.g., Stein*, 689 S.W.2d at 932.

Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.