## EX PARTE Jose SANDOVAL, Applicant

### NO. WR–85,569–01

Court of Criminal Appeals of Texas.

Filed: December 14, 2016

Jose Sandoval, pro se

Jaime Esparza, District Attorney, El Paso County, El Paso, Stacey Soule, State's Attorney, Austin, for the State

Keller, P.J., filed a concurring opinion in which Keasler and Hervey, JJ., joined.

In Texas, as in the federal system, trial courts are authorized to appoint counsel on habeas in the interests of justice.[1] The dissent says that the Court of Criminal Appeals should compel trial courts to appoint counsel whenever there is a "substantial" or even a "colorable" claim of ineffective assistance of trial counsel. The dissent says this Court has created a broken system and calls on us to enforce the

---

1. TEX. CODE CRIM. PROC. art. 1.051(c), art. 26.04(c).

plain language in the statute. But what the dissent wants us to do, quite plainly, is to usurp the trial court's discretion and compel the trial court to appoint counsel in cases in which the author of the dissent determines that the interests of justice require it. The Legislature committed this responsibility to the sound judgment of the trial court, and if there is anything we should enforce, it is the law as written.

The statutory language in question says:

Whenever *a court* or the courts' designee *authorized under Subsection (b)*[2] *to appoint counsel* for indigent defendants in the county *determines* for purposes of a criminal proceeding that a defendant charged with or appealing a conviction for a felony or a misdemeanor punishable by confinement is indigent or *that the interests of justice require representation* of a defendant in the proceeding, *the court* or the court's designee *shall appoint one or more practicing attorneys* to represent the defendant in accordance with this subsection and the procedures adopted under Subsection (a).[3]

The judges to whom subsection (b) refers are judges of county courts, statutory county courts, and district courts trying criminal cases in the county. So the plain language of the statute indicates that the trial court determines what the interests of justice require. For the life of me, I cannot find the plain language that the dissent says requires–not just permits, but *requires*–an appellate court to make that

determination. Neither do I see how, by following what the statute actually says, this Court is refusing to enforce the plain language in the statute. It simply is not true that substituting our determination of the interests of justice for the trial court's is in accordance with the statutory language.

The dissent's references to almost all cases, and most indigent defendants, and claims that will almost always fail, are equally ungrounded in fact. They are unsupported by the facts, the Constitution, statutes, or the few cases cited. The dissent also offers no statistics or citations to authority to support her allegation that affluent applicants fare better on post-conviction habeas than poor people.[4]

The dissent does cite one case[5] for the proposition that, at the direct-appeal stage, and in the absence of a motion-for-new-trial hearing, this Court will presume that counsel performed adequately. But all we did in that case was follow Supreme Court precedent. We said, "Consistently with *Strickland*, we must presume that counsel is better positioned than the appellate court to judge the pragmatism of the particular case, and that he 'made all significant decisions in the exercise of reasonable professional judgment.'"[6] Because the record did not reflect counsel's reasons for not striking certain jurors, we held that Jackson had failed in his burden of proof.

The dissent's reliance on *Martinez v. Ryan*[7] is similarly misplaced. The Su-

---

**2.** TEX. CODE CRIM. PROC. art. 26.04. Subsection (b) says procedures adopted under Subsection (a) shall authorize only the judges of county courts, statutory county courts, and district courts trying criminal cases in the county, or the judges' designee, to appoint counsel for indigent defendants in the county.

**3.** *Id.* (emphasis added)

**4.** Extensive information is available on the appointment of trial counsel in Texas. *See Ex parte Garcia*, 486 S.W.3d 565 (Tex. Crim. App. 2016) (Keller, P.J. concurring).

**5.** *Jackson v. State*, 877 S.W.2d 768 (Tex. Crim. App. 1994).

**6.** *Id.* at 771.

preme Court held there that a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance if, in the state's initial-review collateral proceeding, there was no counsel or ineffective counsel.[8] A substantial claim is one that has some merit.[9] The Supreme Court did not suggest that a state habeas petitioner is entitled to appointed counsel, and, in fact, there would have been no need to create an exception to the federal procedural-default doctrine if that had been the Court's intent.

A habeas applicant has the burden to plead facts which, if true, entitle him to relief and ultimately to establish those facts by a preponderance of the evidence.[10] To this day, the applicant in the case at bar has not alleged that his trial counsel did even a single thing wrong, let alone that he rendered ineffective assistance. Applicant claims, instead, that it is highly unlikely that any attorney could have provided effective assistance on direct appeal and that appellate counsel was prevented from researching and raising possible meritorious claims of ineffective assistance of trial counsel. This is not even a colorable claim of ineffective assistance, let alone a substantial claim or one that has some merit.

In her affidavit, appellate counsel says that she did not raise ineffective assistance because there was nothing in the record that would have supported such a claim and that such claims are generally made on habeas. It is true that ineffective-assistance claims cannot usually be *resolved* without reference to facts outside the trial record. But it is not at all uncommon for the acts or omissions that would support a claim of ineffective assistance to appear in the trial record. Common complaints concern the failure to object, the failure to strike a venireman, the failure to seek a lesser-included-offense instruction, opening the door to unfavorable testimony, and other such matters, all of which appear in the record. Appellate counsel's failure to find anything in the record that would support an ineffective-assistance claim is just one more reason to deny relief in this case.

I join the Court in denying relief.

ALCALA, J., filed a dissenting opinion

For poor people, the Texas scheme for addressing claims of ineffective assistance of counsel is broken. Legal scholars know this, and the Supreme Court has essentially acknowledged this.[1] Instead of address-

---

**7.** 566 U.S. 1, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012).

**8.** *Id.* at 1318.

**9.** *Id.*

**10.** *Ex parte Whisenant*, 443 S.W.3d 930, 932 (Tex. Crim. App. 2014).

**1.** *See, e.g.*, Eve Brensike Primus, *Effective Trial Counsel After Martinez v. Ryan: Focusing on the Adequacy of State Procedures*, 122 YALE L.J. 2604 (2013); Ty Alper, *Toward a Right to Litigate Ineffective Assistance of Counsel*, 70 WASH. & LEE L. REV. 839 (2013); Eve Brensike Primus, *Procedural Obstacles to Reviewing Ineffective Assistance of Trial Counsel Claims in State and FederalPo-

*stconviction Proceedings*, American Bar Association, Criminal Justice, Vol. 24, Number 3 (2009), http://www.americanbar.org/content/dam/aba/publishing/criminal_justice_section_newsletter/crimjust_cjmag_24_3_primus.authcheckdam.pdf.; Emily Garcia Uhrig, *A Case For Constitutional Right to Counsel in Habeas Corpus*, 60 HASTINGS L.J. 541 (2009); Eve Brensike Primus, *Structural Reform in Criminal Defense: Relocating Ineffective Assistance of Counsel Claims*, 92 CORNELL L. REV. 679 (2007); *see also Martinez v. Ryan*, 132 S. Ct. 1309, 1318 (2012); *Trevino v. Thaler*, 133 S. Ct. 1911, 1918-21 (2013). In addition to these resources, law review articles have discussed this problem. *See, e.g.*, Eric M. Freedman, *Enforcing the ABA Guidelines in Capital State Post-Conviction Proceed-

ing this problem, some people will pivot and rationalize that Texas is doing better than we used to do at providing appointed trial and appellate counsel for indigent defendants. Other people will continue to pivot and rationalize, arguing that Texas spends a lot of money providing counsel for indigent defendants. And others will pivot by proclaiming that many ineffective-assistance claims may be litigated during the motion-for-new-trial stage and that habeas attorneys must be educated and qualified to represent indigent applicants. Of course, all of those rationalizations are true, but they miss the point. The point is that indigent defendants in Texas ordinarily do not have a viable procedural avenue for challenging the ineffectiveness of their trial attorneys. This is a problem that is unique to the poor in Texas because affluent people, who can afford to hire habeas counsel, have an adequate procedural avenue for challenging the ineffectiveness of trial counsel through post-conviction habeas applications.[2] A poor person, of course, like a rich person, can file his habeas application challenging his trial attorney's ineffectiveness, but he will almost certainly fail because, as a pro se litigant, he is likely unversed in the pleading and proof requirements for obtaining habeas relief. *See Ex parte Garcia*, 486 S.W.3d 565 (Tex. Crim. App. 2016) (mem. op.) (Alcala, J., dissenting); *see also Martinez v. Ryan*, 132 S. Ct. 1309, 1317-18 (2012) (observing that, "[w]ithout the help of an adequate attorney, a prisoner will have [ ] difficulties vindicating a substantial ineffective-assistance-of-trial-counsel claim" on post-conviction review; thus, a post-conviction pro-

ceeding, "if undertaken without counsel . . . may not have been sufficient to ensure that proper consideration was given to a substantial claim"). In contrast, a person who can afford a post-conviction habeas attorney to navigate that procedural scheme will have a reasonable forum to challenge the effectiveness of his trial attorney. The present system works for rich people and fails for poor people. Yet, this Court continues to do nothing to fix this broken process. Without any actual analysis of the complicated legal issues, this Court proclaims that everything is alright just as it is now, which, of course, it is, for non-indigent habeas applicants who can afford to hire post-conviction counsel.

The instant habeas application filed by Jose Sandoval is similar to a pending petition for discretionary review filed by Michael Wayne Griffith. Each of these litigants asks this Court to address the problem faced by indigent defendants who seek a meaningful opportunity to challenge the ineffectiveness of trial counsel at a stage of the proceedings when they are guaranteed the assistance of counsel. *See Griffith v. State*, No. 08-13-00242-CR, 2016 WL 1639496, at *2 (Tex. App.—El Paso Apr. 22, 2016) (not designated for publication) (pet. granted). Like the *Griffith* petition for discretionary review, this habeas application also gives this Court the opportunity to address these problems. But rather than analyze applicant's arguments, this Court summarily denies his application without even an explanatory order.

---

*ings after Martinez and Pinholster*, 41 HOFS-TRA L. REV. 591 (2012-2013); Sarah L. Thomas, *Comment: A Legislative Challenge: A Proposed Model Statute to Provide for the Appointment of Counsel in State Habeas Corpus Proceedings for Indigent Petitioners*, 54 EMO-RY L.J. 1139 (2005).

2. Aside from affluent people, some indigent defendants are fortunate enough to be aided by pro bono counsel provided by a law school or private organization.

## I. Background

The arguments presented in the instant habeas application mirror those in Griffith's petition for discretionary review that is pending in this Court. Griffith asks,

Does the Texas procedural scheme governing motions for new trial in criminal cases violate a criminal defendant's Sixth Amendment right to effective assistance of counsel on motion for new trial and appeal and his right to due process of law because, under the scheme appellate counsel are not given a meaningful opportunity to present claims that trial counsel rendered ineffective assistance of counsel?

Similarly, in this habeas application, applicant alleges that he was constructively denied counsel on direct appeal because of external constraints placed on appellate counsel by the procedural scheme for criminal appeals and habeas review in Texas. Applicant explains that he was prevented from raising potentially meritorious claims due to the structure of the Texas system that makes it virtually impossible to challenge the ineffectiveness of trial counsel on direct appeal. Applicant's appellate counsel has confirmed in an affidavit that she did not raise ineffective assistance of trial counsel on appeal because there was nothing in the appellate record to support that allegation and she believed that claim could be made at the habeas corpus stage.

Applicant requests relief in the form of an out-of-time appeal so that his appointed appellate attorney could have a meaningful opportunity to research and raise a meritorious claim of ineffective assistance of counsel during the direct appeal of his case. That is the same relief requested by Griffith in his pending petition for discretionary review. Alternatively, because applicant is proceeding pro se in this habeas application, he is requesting appointed counsel so that he would have professional assistance to plead and prove his ineffective-assistance-of-trial-counsel claims on habeas review. That is the same type of remedy that I have suggested was appropriate in my numerous concurring and dissenting opinions in other cases on this subject.

## II. Analysis

This case highlights the Catch-22 that most indigent defendants face. Regardless of whether a litigant challenges ineffective assistance of counsel on direct appeal, on the one hand, or on habeas, on the other hand, the procedural scheme he faces makes it exceedingly likely that he will fail, unless, of course, he can afford to hire counsel to represent him at the post-conviction stage.

### A. It is Theoretically Possible to Challenge Ineffective Assistance of Counsel on Direct Appeal, But That Is Not a Reasonable Avenue for Most Cases

An indigent defendant with appointed appellate counsel can theoretically challenge the ineffectiveness of his trial attorney through a motion for new trial and/or on direct appeal. But at the motion-for-new-trial stage, when he has the right to appointed counsel, a defendant is unlikely to have access to the trial record or the necessary evidence to plead and prove that his trial attorney was ineffective. The thirty-day window of time for filing a motion for new trial, which is almost always needed to develop and present evidence of ineffective assistance of counsel, is rarely a reasonable option because the trial record has not been prepared. Thus, abatement of the appeal would be necessary in order to obtain the trial record to enable appellants to produce and present the evidence and arguments required to establish an ineffectiveness claim on direct appeal. And at the direct-appeal stage, in the absence of a motion-for-new-trial hearing, a reviewing

court will presume that counsel performed adequately. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). As a general rule, therefore, direct-appeal litigation of ineffective assistance of counsel has too many likely pitfalls to be an adequate procedural vehicle for challenging the ineffectiveness of a trial attorney. *See, e.g., Ex parte Torres*, 943 S.W.2d 469, 475 (Tex. Crim. App. 1997) (observing that "the inherent nature of most ineffective assistance claims" means that the trial record will often fail to "contai[n] the information necessary to substantiate" the claim).

**B. It is Possible to Challenge Ineffective Assistance of Counsel on Habeas, But Most Pro Se Litigants Are Too Unskilled to Plead and Prove Their Claims**

An indigent defendant may challenge the ineffectiveness of his trial attorney through post-conviction habeas litigation, but that is also an inadequate procedural vehicle in almost all cases because, as explained below, this Court has refused to enforce statutory provisions that would require the appointment of habeas counsel in appropriate cases. In my dissenting opinion in *Ex parte Garcia*, I highlighted what I view as an ongoing and widespread problem regarding the absence of appointed habeas counsel to assist indigent applicants in pursuing their colorable ineffective-assistance claims. *See, e.g., Garcia*, 486 S.W.3d at 574-75. I explained that, in many cases, the first opportunity for a defendant to challenge the ineffectiveness of his attorney arises in a post-conviction habeas proceeding, but, at that procedural juncture, an indigent applicant has no established constitutional right to appointed counsel. *See id.* at 567-68. Given that many indigent applicants must proceed *pro se* on habeas, as here, I observed that claims of ineffectiveness, even those that have merit, "will almost always fail because the *pro se* applicant is unaware of the legal standard

and evidentiary requirements necessary to establish his claim." *Id.* at 567.

My dissenting opinion in *Garcia* merely recognized the problem that had already been highlighted by the Supreme Court in *Martinez v. Ryan*, in which it stated,

> Claims of ineffective assistance at trial often require investigative work and an understanding of trial strategy. When the issue cannot be raised on direct review, moreover, a prisoner asserting [such a] claim in an initial-review collateral proceeding cannot rely on a court opinion or the prior work of an attorney addressing that claim.

*Martinez*, 132 S. Ct. at 1317. In addition, the Supreme Court in *Martinez* noted that prisoners "unlearned in the law" may have difficulty complying "with the State's procedural rules or may misapprehend the substantive details of federal constitutional law." *Id.* Moreover, it observed that prisoners, while confined to prison, are "in no position to develop the evidentiary basis for a claim of ineffective assistance, which often turns on evidence outside the trial record." *Id.* In light of all these considerations, the Supreme Court concluded that, in order to present an ineffective-assistance claim in accordance with the State's procedures, "a prisoner likely needs an effective attorney." *Id.* The absence of appointed counsel to facilitate the litigation of ineffectiveness issues, it explained, was of particular concern, given that the right at stake, the right to the effective assistance of counsel, is a "bedrock principle in our justice system," without which the very fairness and accuracy of the underlying criminal proceeding cannot be guaranteed. *Id.*

In *Garcia*, I urged this Court to take steps towards remedying this problem by enforcing the state statutory provision that, in my view, requires a habeas court to appoint counsel for indigent habeas ap-

plicants who have colorable ineffective-assistance claims. *Garcia*, 486 S.W.3d at 570. In particular, I noted that Article 1.051 of the Texas Code of Criminal Procedure entitles an indigent habeas applicant to appointed post-conviction counsel whenever the habeas court determines that "the interests of justice require representation." *Id.* at 577-78 (quoting TEX. CODE CRIM. PROC. art. 1.051(d)(3)). Based on that statutory authority, I suggested that this Court should remand any *pro se* habeas application to the habeas court for appointment of counsel in the interests of justice when "either the pleadings or the face of the record gives rise to a colorable, non-frivolous [ineffective-assistance] claim." *See id.* After all, our role, as the State's highest criminal court, is not to give lower courts unfettered discretion to ignore statutory language, but it is instead to review whether they have misapplied the law to the facts, and to enforce the law as it is written. I have explained that expanding the availability of appointed counsel under these circumstances would further the interests of justice by ensuring that substantial claims of ineffectiveness were given full and fair consideration by this Court on post-conviction review, thereby reducing the likelihood that violations of defendants' bedrock Sixth Amendment rights would go unremedied. *Id.* at 567–68, 582. My suggestion was quite simple and in accordance with the statutory language and with what this Court already requires in its remand orders that instruct a habeas court to appoint counsel for an indigent defendant when an evidentiary habeas hearing is held. Thus far, however, this Court has refused to enforce the statutory language that requires the appointment of habeas counsel when the interests of justice require counsel. Although one might argue that the statute provides unfettered discretion to the habeas court to refuse to appoint counsel for an indigent habeas applicant and that this Court has no role in ordering the appointment of counsel under these circumstances, I disagree with such a position. As the State's highest court for criminal matters, it is our responsibility to require lower courts to abide by statutory provisions. This is particularly true in the Article 11.07 habeas corpus context, in which this Court is the ultimate fact finder and has broad authority to effectuate the habeas corpus remedy. *See Ex parte Reed*, 271 S.W.3d 698, 727-28 (Tex. Crim. App. 2008); TEX. CONST. Art. V, § 5. In particular, I note that the Texas Constitution gives this Court the "power to issue the writ of habeas corpus," subject to regulation by the Legislature, and it further gives this Court "the power upon affidavit or otherwise to ascertain such matters of fact as may be necessary to the exercise of its jurisdiction." TEX. CONST. Art. V, § 5(c). Given this provision, coupled with this Court's exclusive jurisdiction under Article 11.07 to decide whether the writ of habeas corpus should be granted as to final felony convictions, it is difficult to see how this Court's ordering of appointed counsel for an indigent defendant would constitute usurping the trial court's authority under these circumstances. Such an act by this Court merely reflects an assessment that, in the interests of justice and to facilitate the factual and legal development of the claim at issue, appointment of counsel is necessary. As I have noted above, this Court frequently orders the habeas court to appoint counsel for an indigent habeas applicant if the habeas court decides to hold a live hearing to resolve factual issues arising from a habeas application. I cannot see any material difference between this Court's ordering of the appointment of counsel under those circumstances and my suggestion that the Court order appointed counsel in some instances even when a live hearing is not ordered by the habeas court. In any event,

it is exceedingly peculiar that this Court would consider it to be an act usurping the trial court's discretion to require it to appoint counsel under a provision in the Code of Criminal Procedure as a means of facilitating the factual and legal development of a habeas claim, where such development is necessary to this Court's exercise of its jurisdiction over Article 11.07 habeas applications.

Because of this Court's refusal in *Garcia* and subsequent cases to compel habeas courts to appoint attorneys for indigent defendants at the post-conviction stage, even when the interests of justice obviously require representation, this Court has created a situation in which indigent defendants functionally have no recourse to challenge the ineffectiveness of their trial attorneys through the post-conviction writ process. *See id.* at 574-75. As a general rule, therefore, habeas litigation pursued by a pro se defendant has too many likely pitfalls to be an adequate procedural vehicle for challenging the ineffectiveness of a trial attorney.

**C. The Catch-22 is Real and Unaddressed by this Court**

This Court has before it the *Griffith* petition for discretionary review and the instant habeas application, each of which highlights this Catch-22 faced by almost all poor defendants in Texas. Griffith's petition is at the direct-appeal stage, and he is complaining about the court of appeals's refusal to abate his case so that he could investigate, plead, and prove his claim of ineffective assistance of trial counsel. *See Griffith*, 2016 WL 1639496, at *2. This applicant discusses a similar request for a remedy that would allow resetting the appellate timetable to permit him to pursue an ineffective-assistance-of-counsel claim at the motion-for-new-trial stage. Alternatively, this applicant requests habeas counsel, which, as I explained in *Garcia*, should

be appointed by the habeas court in the interests of justice when an applicant has demonstrated that he has a colorable claim.

I would hold that applicant is entitled to have this Court reset the appellate timetable for him to pursue a motion for new trial because he was deprived of a fair opportunity to litigate ineffectiveness issues at that stage due to the Texas appellate procedural scheme. Alternatively, I would order the habeas court to appoint habeas counsel in the interests of justice. It's time to make a change in Texas to remedy the system created by this Court through its repeated refusal to require habeas courts to appoint habeas counsel when the interests of justice are at stake, which has resulted in indigent, non-death-penalty defendants being unable to adequately challenge the effectiveness of their trial counsel. The bottom line is this: Rich people in Texas have opportunities to challenge the ineffectiveness of their trial attorneys, but poor people do not. This is not a procedural scheme that society should find tolerable.